125 F.3d 858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary V. JERNIGAN, Plaintiff-Appellant,
v.
Jack REGAN; D.W. Nelson; E.S. Alamedia, Jr.; B.L.
Jackson; B.O. Daniels; Ray Brown; M.H. Tristan;
R. Mejia, Defendants-Appellees.
 No. 96-16267.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.*
Decided Sept. 24, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-93-01940-DFL; David F. Levi, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary V. Jernigan, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that his due process rights were violated by procedures used in a prison disciplinary hearing that resulted in loss of 30 days' good-time credit.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim, Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995), and we affirm the district court's dismissal.
 
 
 3
 We hold that Jernigan's § 1983 action is precluded by Heck v. Humphrey, 512 U.S. 477 (1994). Heck bars a prisoner's § 1983 claim that, if successful, would invalidate a conviction or sentence "where that conviction [or sentence] has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996, (citing Heck, 512 U.S. at 486-87). This rule applies even when the prisoner is challenging only the procedures used rather than the substantive decision. Edwards v. Balisok, --- U.S. ----, 117 S.Ct. 1584, 1587 (1997); Butterfield v. Bail, 1997 WL 414250 (9th Cir.1997). The determination whether a cause of action based on allegedly unconstitutional prison hearing procedures may be cognizable under § 1983 must be based upon whether "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." Edwards, 117 S.Ct. at 1587.
 
 
 4
 The violations of due process alleged by Jernigan are similar to those alleged by the plaintiff in Edwards. There, the principal allegations were that the hearings officer at the disciplinary proceeding concealed exculpatory witness statements and refused to ask specified questions of requested witnesses. Here, Jernigan alleged that he was not allowed to call inmate witnesses for his disciplinary hearing and was not allowed to present documentary evidence as part of his prison appeal. As in Edwards the "principal procedural defect complained of would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." Id. at 1588. Thus, Jernigan's claim is not cognizable under § 1983. Id. at 1589. Accordingly, we affirm the district court's dismissal.[2]
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court also dismissed Jernigan's claim based on the allegation that the disciplinary proceeding was brought in retaliation for his earlier civil rights actions against the prison. Jernigan does not appeal the dismissal of this claim and we, therefore, do not consider it
 
 
 [2]
 We confirm that the district court's dismissal was without prejudice. Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (per curiam) (section 1983 action which implicated validity of conviction which had not yet been invalidated was required to be dismissed without prejudice so that claims could be reasserted if the conviction was invalidated)
 
 
 [3]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal