**John Wesley SMITHART,**
**Plaintiff–Appellant,**

v.

**Robert TOWERY;  John A. Knight;  Scott**
**McGregor, Defendants–Appellees.**

No.  95–15821.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 27, 1996.*

Decided April 1, 1996.

John Wesley Smithart, Reno, Nevada, pro
se.

---

* The panel unanimously finds this case suitable for decision without oral argument.  Fed. R.App.  P. 34(a); 9th Cir. R. 34–4.

Gregory R. Shannon, Deputy District Attorney, Reno, Nevada, for defendants-appellees Towery and Knight.

Laurie B. Buck, Deputy Attorney General, Department of Motor Vehicles & Public Safety, Carson City, Nevada, for defendant-appellee McGregor.

Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.

PER CURIAM:

Nevada state prisoner John Wesley Smithart appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990), and affirm in part, vacate in part, and remand.

■ We are called upon to apply the rule of *Heck v. Humphrey*, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), to an action under 42 U.S.C. § 1983 which seeks damages for, inter alia, excessive force applied during the course of an arrest which resulted in Smithart's criminal conviction. *Heck* precludes a section 1983 claim based on actions which would "render a conviction or sentence invalid" where that conviction has not been reversed, expunged or called into question by issuance of a writ of habeas corpus. *Heck*, —— U.S. at ——, 114 S.Ct. at 2372. *Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.

Here, Smithart entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to assault with a deadly weapon. The weapon in question was Smithart's 1973 Chevrolet truck which he drove at defendants, a Washoe County Sheriff's deputy and a Nevada Highway patrolman. These officers had effected a traffic stop of Smithart's son on Smithart's property.

In his 1983 action, Smithart alleges that after he exited his vehicle, defendants provoked him into a confrontation which they escalated beyond any necessary measure. Defendants, Smithart alleges, "without probable cause, authority or justification," assaulted, arrested, handcuffed, and beat Smithart with their batons, feet, and fists. Defendants allegedly beat Smithart "beyond recognition with unnecessary force" until Smithart, an unarmed fifty-nine year-old Native American, had a broken arm, two broken legs, numerous contusions, and internal injuries. Smithart alleges that defendants forcibly removed him from his property and "conspired to bring unfounded criminal charges" against him.

■ There is no question that *Heck* bars Smithart's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him. *See id.* Smithart may challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus. *See id.* To the extent that Smithart seeks to invalidate his assault conviction, whether expressly or by implication, we affirm the district court's dismissal. *See id.* If Smithart wishes to challenge his arrest, prosecution or conviction, he should file a writ of habeas corpus.

■ Smithart maintains, however, that defendants used force far greater than that required for his arrest and out of proportion to the threat which he posed to the defendants. In *Heck*, the Court expressly held that where plaintiff's action "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at —— – ——, 114 S.Ct. at 2372–73 (emphasis in original; footnotes omitted). Because a successful section 1983 action for excessive force would not necessarily imply the invalidity of Smithart's arrest or conviction, *Heck* does not preclude Smithart's excessive force claim. *See id.*; *Wells v. Bon-*

*ner,* 45 F.3d 90, 95 (5th Cir.1995) (assuming without deciding that finding of excessive force during plaintiff's arrest would not imply the invalidity of plaintiff's conviction); *see also Heck,* —— U.S. at —— n. 7, 114 S.Ct. at 2372 n. 7 (successful section 1983 action for unreasonable search would not necessarily imply that plaintiff's conviction was unlawful); *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (excessive force claim in context of arrest properly characterized as Fourth Amendment claim alleging unreasonable seizure of the person). To the extent that Smithart seeks to recover for defendants' alleged use of excessive force during the course of his arrest, his section 1983 action may proceed despite the fact that his conviction has not been reversed, expunged, invalidated, or called into question by the issuance of a writ of habeas corpus by a federal court. *See Heck,* —— U.S. at ——–—— & n. 7, 114 S.Ct. at 2372–73 & n. 7; *see also Graham,* 490 U.S. at 394, 109 S.Ct. at 1870.

AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this opinion. Each party to bear its own costs.