86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roy Lee PIERCE, Plaintiff-Appellant,
v.
Robert MALLON; George William Woessner; Eloise Ferguson,
James McAdam, American Airlines, Defendants-Appellees.
 No. 95-55454.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roy Lee Pierce, a federal prisoner, appeals pro se the district court's dismissal of his petition for relief under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Pierce seeks nominal and punitive damages for the harm he suffered after agents of American Airlines opened a package intended for him and found it to contain 508 grams of cocaine. Pierce's criminal conviction was affirmed in 1990,[1] and the denial of his motion for collateral relief was affirmed in 1992.[2]
 
 
 3
 In this Bivens action he argues that he had standing to challenge the search, that the airline employees acted under color of federal law, and that no rule of law bars his claims. The district court dismissed the suit citing Heck v. Humphrey, 114 S.Ct. 2364 (1994). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 114 S.Ct. at 2372; Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996); see Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir.1996); Abella v. Rubino et al., 63 F.3d 1063, 1065 (11th Cir.1995); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir.1994) (extending same rule to claims of federal prisoners).
 
 
 5
 Here, Pierce challenges the search that led to his eventual arrest and prosecution. Because the ruling he advocates would necessarily imply the invalidity of his conviction, we affirm the district court's dismissal of his suit. See Heck, 114 S.Ct. at 2372.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Pierce's request for oral argument is therefore denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 United States v. Pierce, 893 F.2d 669 (5th Cir.1990), cert. denied, 506 U.S. 1007 (1992)
 
 
 [2]
 United States v. Pierce, 959 F.2d 1297 (5th Cir.1992), cert. denied, 506 U.S. 1007 (1992)