129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rickey Leon SCOTT, Plaintiff-Appellant,
v.
LASSEN COUNTY SHERIFF DEPARTMENT, Lassen County District
Attorney, Defendants,
and
Marvin BENNER; Karen Dieter; Dan Lindsey;--Atkinson,
Defendants-Appellees.
 No. 96-16128.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-95-01728-LKK; Lawrence K. Karlton, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rickey Leon Scott, a California state prisoner, appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. § 1983 action against Lassen County officials alleging claims for malicious prosecution and false imprisonment. Scott's claims arise from an incident where Scott was accused of battering a peace officer. As a result, Scott received a disciplinary sanction of 150-day credit forfeiture, and he pled guilty in state court to obstructing or resisting a peace officer. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal pursuant to 28 U.S.C. § 1915(d). See Denton v. Hernandez, 504 U.S. 25, 33 (1992).[1]
 
 
 3
 Scott contends that the district court erred because his disciplinary sanction and state conviction for assaulting a peace officer were based on the county officials's false statements. This contention lacks merit because Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), precludes Scott's claims.
 
 
 4
 In order to recover damages for an allegedly unconstitutional conviction or imprisonment, a section 1983 plaintiff must prove that the conviction has been invalidated on direct appeal or through the issuance of a writ of habeas corpus. See Heck, 512 U.S. at 486-87; Edwards v. Balisok, 117 S.Ct. 1584, 1588 (1997) (stating that if a plaintiff's claim would necessarily imply the invalidity of the deprivation of good time credits, the claim is not cognizable under section 1983).
 
 
 5
 Here, if Scott succeeded in proving his claims of malicious prosecution and false imprisonment, it would necessarily imply the invalidity of his disciplinary sanction and state conviction. See Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996) (per curiam) (stating that plaintiff may challenge the validity of his arrest, prosecution, and conviction only by writ of habeas corpus); cf. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (concluding that challenge to use of false information in denying parole necessarily implicates the validity of a prisoner's continuing confinement). Accordingly, Scott's claims are not cognizable under section 1983 unless and until he shows his conviction and disciplinary sanction have been invalidated. See Balisok, 117 S.Ct. at 1588; Heck, 512 U.S. at 486-87.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Scott's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court dismissed this action under former 28 U.S.C. § 1915(d) which was redesignated 28 U.S.C. § 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-155, 110 Stat. 1321 (1996) ("PLRA")
 
 
 [2]
 To the extent Scott contends that the district court erred in dismissing his claims that the defendants used excessive force, his contention lacks merit as discussed in Scott v. Lindsey, No. 97-15634, submitted contemporaneous with this memorandum disposition