**Edgar W. CLEVELAND, aka Rodney Toler, Plaintiff–Appellant,**

v.

**KING COUNTY POLICE; et al., Defendants–Appellees.**

No. 00–35747.

D.C. No. CV 98–01664–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Edgar Cleveland, a Washington state prisoner, appeals pro se the district court's dismissal of his civil rights action under *Heck v. Humphrey*, 512 U.S. 477, 484–85, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), as well as the district court's denial of leave to amend his complaint and denial of his motion for appointment of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court properly concluded that Cleveland's constitutional claims alleging wrongful search and seizure were barred by *Heck. See Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir.2000) (holding 42 U.S.C. § 1983 action alleging illegal search and seizure did not accrue until criminal charges were dismissed or conviction was overturned). *Heck* does not allow for an attack on the seizure of property or person even where, as here, the plaintiff plead guilty to a lesser charge than the

** This disposition is not appropriate for publication and may not be cited to or by the

charge for which the arrest warrant was issued. A successful outcome in this case would necessarily be "fundamentally inconsistent" with the facts underlying his confinement and criminal conviction. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996) (per curiam).

Because Cleveland's claims were barred by *Heck*, amending the complaint to add additional defendants would have been futile, and the district court did not abuse its discretion by denying leave to amend. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991).

Because Cleveland demonstrated neither a likelihood of success on the merits nor that he was incapable of articulating his claims, the district court did not abuse its discretion by denying his motion for appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

**AFFIRMED.**