Matthew R. DESCAMPS,
Plaintiff-Appellant,

v.

Philip J. VAN DE VEER; et al.,
Defendants–Appellees.

No. 01–35115.

D.C. No. CV–00–00218–AAM.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 22, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Matthew R. Descamps, a Washington state prisoner, appeals pro se the district

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument and denies Descamps' motion to extend time to respond to screening letter. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

court's judgment dismissing without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) his civil rights complaint seeking to overturn his conviction and press criminal charges against a judge and prosecuting attorney. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

The district court properly dismissed Descamps' claims challenging the fact and duration of his confinement because those claims are cognizable only in a petition for writ of habeas corpus. *Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir.1996) (per curiam).

To the extent Descamps seeks to press criminal charges against Judge Philip Van De Veer and prosecuting attorney Michael J. Carbone for their allegedly unconstitutional conduct during his criminal trial, Descamps lacks standing to bring such a claim. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (stating that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another).

To the extent Descamps seeks monetary damages against Van De Veer and Carbone, Van De Veer is entitled to judicial immunity, and Carbone is entitled to prosecutorial immunity. *See Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986) (en banc).

Because states are not "persons" for purposes of section 1983, the district court properly dismissed Descamps' claims against the State of Washington. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 65–66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Because Descamps failed to allege constitutional deprivations resulting from any official policy or practice, the district court properly dismissed his claims against the County of Pend Oreille. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

To the extent Descamps contends that the district court erred by denying his request for appointment of counsel, this contention lacks merit because Descamps has not demonstrated exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

Descamps' contention of judicial bias is without merit because it is based solely on his disagreement with the district judge's decision in this case. *See Liteky v. United States,* 510 U.S. 540, 554–55, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

We have considered Descamps' remaining contentions and conclude that they lack merit.

**AFFIRMED.**