**David Wayne WEWEE, Plaintiff–Appellant,**

v.

**E. MARROQUIN, Officer, # 2653, individually; et al., Defendants–Appellees.**

No. 02–55366.

D.C. No. CV–01–04654–AHS.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 21, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Arizona resident David Wayne Wewee appeals pro se the district court's summary judgment in favor of police officers and the City of Santa Monica in his 42 U.S.C. § 1983 action alleging false arrest. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir.1996) (per curiam), and we affirm in part and vacate in part.

The undisputed facts establish that Wewee was convicted of challenging a person to a fight. The district court properly dismissed Wewee's false arrest claim because a favorable judgment would necessarily imply the invalidity of his conviction. See *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Because Wewee may reassert his Section 1983 claim if he succeeds in invalidating his conviction, the district court should have dismissed his false arrest claim without prejudice. We therefore vacate the district court's judgment dismissing the false arrest claim with prejudice, and remand with instructions to enter judgment without prejudice. See *Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir. 1995) (per curiam).

We have considered Wewee's remaining contentions and conclude that they lack merit.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Each party shall bear its own costs on appeal.

AFFIRMED in part, VACATED in part, and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.