**Gregory McKINNEY, Plaintiff—Appellant,**

v.

**Bill LOCKYER, Attorney General of the State of CA; et al., Defendants—Appellees.**

No. 02–57218.

D.C. No. CV–02–01791–NAJ(CJA).

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 16, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM **

Gregory McKinney, a California state prisoner, appeals pro se the district court's judgment dismissing with prejudice his 42 U.S.C. § 1983 action alleging, among other things, that the defendants violated his Fourth and Fourteenth Amendment rights by prosecuting him for battery without probable cause. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals under both 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and 28 U.S.C. § 1915(e), *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order). We may affirm on any ground supported by the record. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 584 (9th Cir.1995) (per curiam). We affirm in part, vacate in part, and remand.

■ McKinney's action fails because it alleged that he was prosecuted without probable cause, and a favorable judgment would necessarily imply the invalidity of his conviction. *See Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir.1996) (per curiam) ("There is no question that *Heck* bars [the plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."). McKinney may not bring such an action unless and until his conviction is reversed

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

through a direct appeal or writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

■ However, we vacate the judgment to the extent it dismisses the action with prejudice, and remand for entry of judgment without prejudice. *See Trimble,* 49 F.3d at 586.

■ We decline to consider McKinney's new causes of action advanced for the first time on appeal, including his contentions that the defendants violated his Eighth and Sixth Amendment rights. *See Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996) (declining to consider new causes of action alleged for the first time on appeal).

**AFFIRMED in part, VACATED in part, and REMANDED.**