**Wing C. NG, Plaintiff—Appellant,**

v.

**Craig MIKI; et al., Defendants— Appellees.**

No. 03–15688.

D.C. No. CV–02–00447–DAE/LEK.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 19, 2004.

Wing C. Ng, Honolulu, HI, pro se.

Greg H. Takase, Reid M. Yamashiro, City & County of Honolulu Corporation Counsel, Honolulu, HI, for Defendants– Appellees.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM**

Wing C. Ng appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action on the grounds that it was barred by *Heck v. Humphrey.* Ng received two traffic tickets for driving recklessly and for failing to yield to pedestrians. Following a state court trial, Ng was convicted and the conviction was affirmed on appeal. In his 42 U.S.C. § 1983 action, Ng contends that the officer who issued the traffic tickets fabricated the charges against him and perjured himself at Ng's criminal trial. Ng contends that his claims are not barred by *Heck* because the trial judge, although specifically finding that the officer's testimony was credible, also stated that Ng's conviction would stand even if the record contained only Ng's testimony. Ng states that even if the perjury allegations against the officer were

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

found to be valid, his conviction would not necessarily be overturned.

We agree with the district court that Ng's action is barred under *Heck,* because the gravamen of Ng's action is that he was detained without probable cause and prosecuted on "trumped up charges." A favorable judgment in Ng's favor would necessarily imply the invalidity of his conviction. *See Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir.1996) (per curiam) ("There is no question that *Heck* bars [the plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."). We also agree with the district court's determination that Ng failed to allege any damages which do not encompass the injury of being convicted. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir. 1995) (per curiam); *Heck,* 512 U.S. at 487. Ng therefore may not bring his action unless and until his conviction is reversed through a direct appeal or writ of habeas corpus. *See Heck,* 512 U.S. at 486–87.

**AFFIRMED.**