[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 04-11703

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 30, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00315-CV-T-24-EAJ

ROBERT CRAIG WELLS,

                Plaintiff-Appellant,

    versus

NORMAN C. CRAMER,
KENNETH L. BURROUGHS,
TERRY R. METTS,
CHRISTOPHER TAYLOR,
JEFFREY S. PREISING, et al.,

                Defendants-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

(November 30, 2005)

Before BIRCH, WILSON and COX, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Robert C. Wells, a Florida state prisoner, appeals the dismissal of his pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983, and the denial of his pro se motion to alter or amend judgment, filed pursuant to Fed.R.Civ.P. 59(e). Because we conclude that Wells's claim based on an asserted excessive use of force does not necessarily implicate the validity of his criminal conviction, the dismissal of that claim is reversed.

Wells's § 1983 complaint claimed that the defendant officers had "conspired to fabricate, falsify and conceal evidence" to justify their use of excessive force against him in the course of his arrest. Wells alleged that the defendant officers conspired to cause Wells's vehicle to come into contact with a police cruiser so that the damaged cruiser could be used to charge Wells with a violent offense and to justify the use of excessive force by the defendant officers. Wells recited his attempts to elude the officers. Once Wells stopped and exited his vehicle, he was lying face down and handcuffed. Wells alleged that the officers punched him at least 30 times, kicked him in the face, head, sides and back, hit him on the head with an unidentified object, and otherwise assaulted him. Wells claimed further that he was bleeding profusely from his head, face and ear, and the officers rejected his pleas to be seen by a paramedic. As a result of the alleged

beating, Wells claimed he suffered from headaches, severe back problems, and suffered permanent damage to his left hand.

The district court concluded that, because of <u>Heck v. Humphrey</u>, 114 S.Ct. 2364 (1994), Wells had no claim cognizable under section 1983: a judgment in plaintiff's favor would necessarily implicate the validity of his conviction or sentence and plaintiff failed to demonstrate that his conviction or sentence had already been invalidated. Wells filed a motion to alter or amend judgment; Wells conceded that his conspiracy claim was <u>Heck</u>-barred but maintained that his substantive excessive force claim should have been allowed to proceed.

We review de novo a district court's sua sponte dismissal of a suit for failure to state a claim for relief under 28 U.S.A. § 1915A. <u>See</u> <u>Harden v. Pataki</u>, 320 F.3d 1289, 1292 (11th Cir. 2003). We review a district court's denial of a motion to alter or amend judgment for abuse of discretion. <u>See</u> <u>Mays v. United States Postal Serv.</u>, 122 F.3d 43, 46 (11th Cir. 1997).

Wells was convicted in state court, pursuant to a plea agreement, of several charges of aggravated assault, including assault on law enforcement officers, aggravated fleeing and eluding, and resisting arrest without violence. We accept Wells's concession that a judgment in his favor on his conspiracy claims would necessarily implicate the validity of his convictions. And, to the extent that Wells

seeks to invalidate those convictions, whether expressly or by implication, we affirm the district court's preclusive application of Heck.   But under Heck, when "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit."  Heck, 114 S.Ct. at 2372-73 (emphasis in original; footnotes omitted).

A plaintiff may prevail on a claim for excessive force without necessarily implying the invalidity of the underlying conviction for the offense giving rise to the excessive force.  See Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("Because a successful section 1983 action for excessive force would not necessarily imply the invalidity of Smithart's arrest or conviction [for assault with a deadly weapon during a traffic stop], Heck does not preclude Smithart's excessive force claim.").   See also, e.g., Vineyard v. Wilson, 311 F.3d 1340 (11th Cir. 2002) (defendant who pleaded guilty to offenses for which she was arrested nonetheless avoided summary judgment on claim of excessive force in effecting the arrest).

To the extent that Wells's complaint alleged an excessive use of force after he was arrested, restrained and posed no threat to the defendant officers, his section 1983 action, if successful, would not necessarily imply the invalidity of his

underlying convictions and is not <u>Heck</u>-barred.  We REVERSE the district court's

order of dismissal as it applied to this post-arrest excessive force claim.  The

appeal of the denial of Well's motion to alter or amend judgment is moot.

**REVERSED AND REMANDED**.