Lynn STUTER; Byrd Stuter; Monica Stuter, Plaintiffs—Appellants,

v.

**STEVENS COUNTY SHERIFF'S DEPARTMENT, Defendant— Appellee.**

No. 04–35589.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2006.

Filed May 12, 2006.

Mary E. Schultz, Esq., Mary E. Schultz & Associates, P.S., Spokane, WA, for Plaintiffs–Appellants.

Christopher J. Kerley, Esq., Keefe, King & Bowman, Spokane, WA, for Defendant–Appellee.

Before: FARRIS, THOMAS, and McKEOWN, Circuit Judges.

MEMORANDUM *

Lynn Stuter, her husband Byrd, and their daughter Monica appeal from the district court's grant of summary judgment in favor of defendant Stevens County Sheriff's Department ("the Department") in their 42 U.S.C. § 1983 action. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

I

The district court properly granted summary judgment on the Stuters' First Amendment retaliation claim. "In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that by his actions the defendant deterred or chilled the plaintiff's political speech *and* such deterrence was a substantial or motivating factor in the defendant's conduct." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir.1999) (internal quotations omitted) (emphasis added). Although there is evidence that the Department may have failed to respond adequately to the Stuters' numerous complaints of harassment and vandalism, there is no evidence that

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the Department's action (or inaction) was motivated by a desire to chill the Stuters' speech.

## II

The district court also properly granted summary judgment on the Stuter's due process claim. The Due Process Clause does not include a right to protection from the actions of private parties. *See DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 195–96, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). The Stuters' contention that the Department's alleged violation of state law constitutes a due process violation is foreclosed by the Supreme Court's recent decision in *Town of Castle Rock v. Gonzales,* 545 U.S. 748, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005).

■ The "state created danger" exception to the general rule does not afford relief under the circumstances of this case. Under this doctrine, an individual's liberty interest in personal security may be violated when police "action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Kennedy v. City of Ridgefield,* 439 F.3d 1055, 1061 (9th Cir.2006). The predicate question under this analysis is whether the law enforcement officers took any "affirmative actions" that placed the Stuters "in danger that [they] otherwise would not have faced." *Id.* at 1063. In this case, the harassing activities predated any involvement by the Department, and the record is devoid of evidence that any affirmative action by the Department increased the danger posed to the Stuters in a manner sufficient to satisfy the *Kennedy* requirements.[1]

The Stuters' claims as they relate to the criminal prosecution of Lynn Stuter are foreclosed by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir.1996) (per curiam) ("[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed").

## III

In sum, the district court properly granted summary judgment on the Stuters' federal claims. Each party shall bear its own costs on appeal.

**AFFIRMED.**

---

1. This case is also unlike *Dwares v. City of New York,* 985 F.2d 94 (2nd Cir.1993), cited by the Stuters, in which affirmative acts by the police emboldened the private actors. In *Dwares,* the police had informed skinheads that if the skinheads beat up individuals desecrating the flag, the police would not arrest the skinheads or interfere with their attacks. *Id.* at 99.

