United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10646
Summary Calendar

_____

STEVEN RAY NELSON,

                              Plaintiff-Appellant,

versus

KEVIN CAULEY, Etc.; ET AL,

                              Defendants,

KEVIN CAULEY, State Trooper; SERGIO REYES,
Officer; HANK HAVENS, Deputy; SHERIFF
DEPARTMENT OF ROCKWALL COUNTY,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-828
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:*

    Steven Ray Nelson, Texas prisoner # 1130776, appeals the

district court's dismissal of his excessive-force claims against

Deputy Hank Havens and the Rockwall County Sheriffs Department

(Rockwall County).  He does not challenge the denial of his

defamation claims or his excessive-force claims against Officers

Cauley and Reyes, and this court declines to review such claims.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d at 744, 748 (5th Cir. 1987).

The district court concluded that Nelson's excessive-force claims were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because they would call into question the validity of Nelson's convictions for aggravated assault on a public servant. See Sappington v. Bartee, 195 F.3d 234, 236-37 (5th Cir. 1999). Because the district court considered evidence outside the pleadings in denying relief, its FED. R. CIV. P. 12(b)(6) dismissal for failure to state a claim should be construed as a summary judgment under FED. R. CIV. P. 56. See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1283-84 (5th Cir. 1990).

Nelson contends that the district court erred in dismissing his claims against Havens because Havens's trial testimony indicated that he hit Nelson with his pistol at a time that Nelson was falling out of his car. He also postulates that Havens may have sprayed mace on him after Nelson was arrested and handcuffed. He maintains that because these actions may have occurred when Nelson was no longer placing the officers in danger, his excessive-force claims would not call into question the validity of his conviction for aggravated assault of a police officer. See, e.g., Smithart v. Towery, 79 F.3d 951, 952-53 (9th Cir. 1996), cited favorably in Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996). Nelson has not presented sufficient evidence establishing a genuine issue of material fact relating to the

district court's conclusion that his claims were premature pursuant to <u>Heck</u>. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

Nelson also maintains that the district court erred in dismissing his claims against Rockwall County, based on the office's failure to train Havens properly. Because there is no genuine issue of material fact regarding Havens's use of force, Rockwall County cannot be held liable for a failure to train. <u>See</u> <u>Shields v. Twiss</u>, 389 F.3d 142, 151 (5th Cir. 2004). The judgment of the district court is thus AFFIRMED.