**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT G. RASMUSSEN,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>STATE OF CALIFORNIA<br>DEPARTMENT OF MOTOR<br>VEHICLES; et al.,<br><br>　　　　Defendants - Appellees. | No. 09-55075<br><br>D.C. No. 2:08-cv-01604-FMC-PLA<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Submitted March 16, 2010 [**]

Before:　SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Robert G. Rasmussen appeals pro se from the district court's judgment

dismissing without prejudice his 42 U.S.C. § 1983 action challenging his arrest for

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

IL/Research

driving under the influence and the resultant suspension of his driver license in administrative proceedings conducted by the California Department of Motor Vehicles. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6), *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam), and we affirm.

The district court properly dismissed Rasmussen's complaint because his claims are based on actions which, if deemed unlawful, would render his conviction under California Vehicle Code section 23152 invalid, and that conviction "has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a plaintiff challenging action whose alleged unlawfulness would implicate the validity of a conviction must prove that the conviction has been invalidated); *see also Smithart*, 79 F.3d at 952 (affirming as *Heck*-barred district court's dismissal of § 1983 action alleging that police officers lacked probable cause to arrest plaintiff for assault where plaintiff had pled guilty to assault).

Rasmussen's remaining contentions are unpersuasive.

**AFFIRMED.**