FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON ERIC SONNTAG, | No. 11-17370 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01224-CMK |
| v. | |
| NEVADA COUNTY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Craig M. Kellison, Magistrate Judge, Presiding[**]

Submitted September 10, 2012[***]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Jason Eric Sonntag, a former Nevada state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[*]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional violations resulting from malicious prosecution and "false warrants."

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Smithart v. Towery*, 71 F.3d 951, 952 (9th Cir. 1996). We affirm.

The district court properly dismissed Sonntag's action as *Heck*-barred because Sonntag's allegations, if proven, would imply the invalidity of his conviction which has not been otherwise invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

Sonntag's request for appointment of counsel, made in his reply brief, is denied.

**AFFIRMED**.