**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHICO SCRAP METAL, INC., a California corporation; and GEORGE SCOTT, SR., individually and as Trustee of the George W. Scott, Sr. Revocable Trust Inter Vivos Trust dated September 25, 1995, <br><br>            Plaintiffs - Appellants, <br><br>   v. <br><br> LEONARD E. ROBINSON, in his official capacity as Acting Director of the California Department of Toxic Substances Control; et al., <br><br>            Defendants - Appellees. | No. 11-17912 <br><br> D.C. No. 2:11-cv-01201-JAM-CMK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted January 15, 2014[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE,[***] Senior District Judge.

Plaintiffs Chico Scrap Metal, Inc., and George W. Scott, Sr., filed this action under 42 U.S.C. § 1983 against several defendants associated with the California Department of Toxic Substances Control and the District Attorney of Butte County. Plaintiffs seek to enjoin the enforcement of certain regulatory orders relating to the clean up of hazardous wastes at Plaintiffs' scrap metal recycling facilities, plus a declaration that those cleanup orders are invalid, and they seek monetary damages against the individual defendants. The district court dismissed the action with prejudice on the ground that it is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiffs timely appeal. We affirm the dismissal but remand for entry of a judgment of dismissal without prejudice.

Plaintiffs' § 1983 claims are barred by Heck because a judgment in their favor, holding that the cleanup orders were imposed improperly and that the prosecution was unlawful, would necessarily imply the invalidity of Plaintiffs' state court convictions. See Szajer v. City of Los Angeles, 632 F.3d 607, 612 (9th Cir. 2011) (holding that Heck barred a § 1983 challenge where a decision that the undercover operation, which produced the only evidence for finding probable

---

[***] The Honorable Raymond J. Dearie, Senior United States District Judge for the Eastern District of New York, sitting by designation.

2

cause, was unlawful would necessarily imply the invalidity of the convictions resulting from the undercover operation); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (applying Heck to a § 1983 claim for unlawful prosecution in the context of a plea bargain). The regulatory cleanup orders and the criminal convictions both pertain to the same incidents in 2007.

In addition, Heck bars the claims because Plaintiffs were sentenced to compliance with the challenged cleanup orders as a condition of their probation in the criminal case, as specifically directed by the state court in its criminal judgment. Thus, a decision in Plaintiffs' favor in this civil action, holding that they need not comply with the cleanup orders, would necessarily invalidate the criminal sentence. See Heck, 512 U.S. at 486–87 (holding that a claim invalidating the court's judgment in a criminal case is barred). Indeed, many of Plaintiffs' disputes are the subject of state court litigation seeking to revoke their probation in the criminal case, further demonstrating the Heck bar.

The district court erred, though, in dismissing the action with prejudice. We held in Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam), that Heck-barred § 1983 claims must be dismissed without prejudice so that the plaintiff may "reassert his claims if he ever succeeds in invalidating his conviction."

AFFIRMED; REMANDED for entry of a judgment of dismissal without prejudice.