**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL CALHOUN ARRINGTON, individually, and through his next best friend, AURELIA CLEO BATTLE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY OF LOS ANGELES; DANIEL PENNINGTON; RUSS GRAYBILL; JOHNATHAN JORDAN; CHRISTIAN ARRUE; ERIC OLIVE; DOES, 1-10, inclusive, <br><br> Defendants-Appellees. | No.   16-56755 <br><br> D.C. No. 2:12-cv-04698-GW-AGR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted September 13, 2019
Pasadena, California

Before:  BERZON, R. NELSON, and BADE, Circuit Judges.

Plaintiff Samuel Arrington appeals the district court's dismissal of his false

arrest and false imprisonment claim against the City of Los Angeles and five Los

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Angeles Police Department officers (collectively, "defendants"). Additionally, Arrington asserts that during the trial on his excessive force claim against defendants, the district court improperly instructed the jury regarding Arrington's *nolo contendere* plea to resisting, delaying, or obstructing arrest. Finally, Arrington challenges the district court's grant of judgment as a matter of law on his Bane Act claim. We affirm the judgment in all respects.

1.      The district court correctly held that under *Heck v. Humphrey*, 512 U.S. 477 (1994), Arrington's conviction under California Penal Code section 148(a)(1) for resisting, delaying, or obstructing an officer precludes his claim under 42 U.S.C. § 1983 for false arrest and false imprisonment. As a matter of California law, Arrington's conviction on a section 148(a)(1) charge establishes both that defendants had a lawful basis for, at a minimum, detaining Arrington to investigate whether he was the person reported to have committed a battery, and also that defendants had a lawful basis for ultimately arresting him. *See Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) (noting that "[i]n California, the lawfulness of the officer's conduct is an essential element of the offense of resisting, delaying, or obstructing a peace officer"). Success on Arrington's false arrest and false imprisonment claim "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. That claim is therefore barred by *Heck*. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam);

*Guerrero v. Gates*, 442 F.3d 697, 703–05 (9th Cir. 2006); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam).

That Arrington's conviction is based on a *nolo contendere* plea rather than a guilty plea or jury verdict does not change the *Heck* analysis with regard to the false arrest and false imprisonment claim. *See Smithart*, 79 F.3d at 952. Arrington's conviction was not admitted "against" him as an evidentiary admission. Fed. R. Evid. 410. The *Heck* issue was decided as a matter of law by the district court—properly so, as the legal consequences of the conviction preclude him from having a cognizable section 1983 claim for false arrest and false imprisonment under *Heck*. *See* 512 U.S. at 487.

2.      Although Arrington now challenges the district court's instruction to the jury regarding his *nolo contendere* plea and conviction, he did not object to the instruction when the district court gave him an opportunity to do so. In the absence of a timely objection under Federal Rule of Civil Procedure 51(c), we review a challenge to jury instructions for plain error. *C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014) (en banc). We consider "whether (1) there was an error; (2) the error was obvious; and (3) the error affected substantial rights." *Id.* at 1018 (citations omitted). Ordinarily, an error affects substantial rights if "it affected the outcome of the district court proceedings." *United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

Here, we need not resolve the question whether the instruction was erroneous because we conclude that any error did not affect Arrington's substantial rights. Arrington himself introduced his plea and conviction repeatedly, both in his opening statement and on direct examination. Additionally, Arrington's case depended almost entirely on his credibility. Arrington's own testimony severely undermined his credibility because it was inconsistent with both the testimony of his witnesses and his prior deposition testimony. For example, Arrington testified that there were "about 10, 12 police cars, at least, chasing me, trying to run me over," while one of his witnesses testified that there were two police cars on the scene. Finally, Arrington's counsel argued in closing that Arrington disobeyed Sergeant Graybill's lawful order to stop by getting on his bicycle and riding away, and suggested that that was the incident that gave rise to Arrington's plea. The jury instruction, which indicated that Arrington had unlawfully resisted, delayed, or obstructed the officers at some point during the encounter but did not specify when or how he had done so, was therefore consistent with Arrington's theory of the case and could not have prejudiced him.

Arrington has not demonstrated any realistic possibility that, had the instruction not been given, the jury would have believed his version of events and

found that the officers had used excessive force.[1] *See id.*

3.      Defendants concede that the district court's grant of judgment as a matter of law on Arrington's claim under the Bane Act, California Civil Code section 52.1, was in error, as it was based on an analysis that has since been abrogated by Ninth Circuit precedent. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City & County of San Francisco*, 17 Cal. App. 5th 766, 799 (2017)). We agree with defendants that the error was harmless, as the Bane Act claim was based on the same facts as the excessive force claim, and the jury found for defendants on the excessive force claim. The jury could not have found for defendants on the excessive force claim and for Arrington on the Bane Act claim. *See Reynolds v. County of San Diego*, 84 F.3d 1162, 1170–71 (9th Cir. 1996), *overruled on other grounds by Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997); *see also Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014) (stating that the "elements of the excessive force claim under § 52.1 are the same as under § 1983" (citation omitted)). The district court's failure to submit the Bane Act claim to the jury was therefore harmless. *See Fuller v. City*

---

[1] To the extent Arrington has also asserted evidentiary error based on the admission of the *nolo contendere* plea, any such error does not warrant reversal because we discern no prejudice in light of Arrington's repeated references to the plea. *See Boyd v. City & County of San Francisco*, 576 F.3d 938, 949–50 (9th Cir. 2009) (explaining that evidentiary error did not warrant reversal because "it is more probable than not that the jury would have" reached the same verdict regardless of the evidentiary error).

*of Oakland*, 47 F.3d 1522, 1533 (9th Cir. 1995), *as amended* (Apr. 24, 1995).

**AFFIRMED.**