NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIC LUND; SUSANNAH LUND,

Plaintiffs-Appellants,

v.

STATE OF CALIFORNIA; et al.,

Defendants-Appellees.

No.    20-17133

D.C. No.
2:19-cv-02287-JAM-DMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted October 7, 2021
San Francisco, California

Before:    THOMAS, Chief Judge, and HAWKINS and FRIEDLAND, Circuit
Judges.

Eric and Susannah Lund appeal the dismissal of their civil action alleging

multiple federal and state law claims against numerous defendants, including the

State of California; the California Highway Patrol ("CHP"); the City of Vacaville,

California; Solano County; the Solano County District Attorney's Office; and

individual employees of each.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

review de novo, *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001), and may affirm on any basis supported by the record, *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999). We refer to the claims by the numbers assigned to them in the Second Amended Complaint ("SAC"). We affirm in part, vacate in part, and remand to the district court for further proceedings consistent with this decision.

1.      The district court dismissed 69 of the SAC's 73 claims as barred by the preclusion doctrines announced in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) and *Yount v. City of Sacramento*, 183 P.3d 471, 484 (Cal. 2008). Defendants bore the burden to demonstrate the applicability of *Heck* or *Yount* to each claim for which they sought dismissal on that ground. *See Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 n.5 (9th Cir. 2016). Rather than addressing the claims individually, defendants largely took a shotgun approach, seeking a general dismissal by arguing the SAC's allegations as a whole are intertwined with the investigation, arrest, prosecution, and conviction of Mr. Lund. In doing so, they failed to carry their burden, and it was error to dismiss all claims relating to events pre-dating Mr. Lund's conviction on a general finding that the SAC's "allegations are inextricably linked to Mr. Lund's conviction." We decline to examine each claim individually for the first time on appeal and instead discuss only those claims necessary to address the parties' legal arguments and provide guidance to the district court on remand.

Under *Heck*, a 42 U.S.C. § 1983 claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. *Yount* applies the same rule to claims under California state law. *See* 183 P.3d at 484. Thus, *Heck* and *Yount* bar a claim if it would negate an element of the offense or relies on facts inconsistent with the plaintiff's extant conviction. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.").

Contrary to the Lunds' argument, § 1983 claims predicated on Fourth Amendment violations are not categorically exempt from *Heck* preclusion. *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011) ("Although footnote seven [of *Heck*] left open the question of the applicability of *Heck* to Fourth Amendment claims, this Court has since answered that question affirmatively."). For example, because Claims 1 and 2 attack the probable cause basis for the search warrant that uncovered the child pornography for which Mr. Lund was convicted, the district court properly dismissed those claims as *Heck*-barred. *See Whitaker v. Garcetti*, 486 F.3d 572, 583–84 (9th Cir. 2007). Dismissal of the parallel state law claims—Claims 3, 4, and 5—as *Yount*-barred was proper for the same reason. *See Yount*, 183

P.3d at 484 (finding no reason to distinguish between federal and state law claims). Additionally, the Lunds do not challenge the dismissal of Claims 37, 38, and 43 as *Heck*-barred. However, the dismissal of any *Heck/Yount*-barred claims should have been without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). Therefore, we affirm the dismissal of claims 1–5, 37, 38, and 43 but remand to the district court with instructions to amend the judgment to reflect that the dismissal of these claims is without prejudice to refiling in the event Mr. Lund's conviction is invalidated.

Conversely, *Heck* does not automatically bar a claim simply because the claim relates to events that pre-date Mr. Lund's conviction; rather, to trigger the *Heck/Yount* bar, the claim must be fundamentally inconsistent with Mr. Lund's conviction. *See Smithart*, 79 F.3d at 952. For example, Claim 45 alleges a Fourth Amendment violation resulting from the presence of third parties during the execution of a subsequent search warrant for the Lunds' home following Mr. Lund's arrest. A claim asserting that the presence of third parties during the search implicated Mr. Lund's Fourth Amendment rights does not, on its face, impugn the probable cause for the search or otherwise rely on facts inconsistent with his conviction. *See Wilson v. Layne*, 526 U.S. 603, 614 n.2 (1999). At oral argument, counsel for the CHP defendants effectively conceded that some claims, such as Claim 45, might not imply the invalidity of Mr. Lund's conviction as pled but argued

the claims fail to state a cognizable theory for relief on the merits. We leave it to the defendants to argue specifically and the district court to determine in the first instance whether each individual claim necessarily implies the invalidity of Mr. Lund's conviction or warrants dismissal on other grounds. Thus, we vacate the dismissal of Claims 6–35, 39–42, 44–59, 65–67, and 69–73 and remand for further proceedings consistent with this decision.

2. The Lunds next argue that the district court erred by concluding that Claims 62 and 64 were barred by California Government Code section 821.6. We agree. In *Garmon v. County of Los Angeles*, we predicted that "the California Supreme Court would adhere to [its holding that section 826.1 is confined to malicious prosecution actions] even though California Courts of Appeal have strayed from it." 828 F.3d 837, 847 (9th Cir. 2016). Until the California Supreme Court holds otherwise, we are bound by *Garmon*'s interpretation of California law. *See FDIC v. McSweeney*, 976 F.2d 532, 535 (9th Cir. 1992) ("[W]e are bound by our prior decisions interpreting state as well as federal law in the absence of intervening controlling authority."). Claims 62 and 64 regard an allegedly defamatory post on the Solano County District Attorney's Facebook page, and neither asserts a claim for malicious prosecution. Accordingly, it was error to dismiss Claims 62 and 64 under California Government Code section 821.6. *See Garmon*, 828 F.3d at 847.

3.     We need not determine whether the district court erred by applying absolute immunity to Claim 63 because Claim 63 fails to state a cognizable claim for relief.  To state a defamation claim under § 1983, a plaintiff must allege "injury to [the] plaintiff's reputation from defamation accompanied by an allegation of injury to a recognizable property or liberty interest." *Crowe v. County of San Diego*, 608 F.3d 406, 444 (9th Cir. 2010).  The SAC does not allege the requisite constitutional injury to support this type of "defamation plus" claim and does not plead a viable § 1983 claim predicated on a Fourteenth Amendment or Eighth Amendment violation.  *See id.*; *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) ("An equal protection claim will not lie by conflating all persons not injured into a preferred class receiving better treatment than the plaintiff." (internal quotation marks and citation omitted)); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (acknowledging verbal harassment generally is not sufficient to state a constitutional deprivation).   Therefore, we affirm the dismissal of Claim 63 with prejudice.

4.     In their reply brief, the Lunds concede that the district court properly dismissed Claims 36 and 61 with prejudice.  They also concede that the district court properly dismissed Claim 60 with prejudice to the extent it is based on the prosecutor's introduction of evidence at trial.  It is apparent from the face of the SAC that absolute immunity shields in full the prosecutorial acts forming the basis of

6                                        20-17133

Claim 60. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009). Therefore, we affirm the dismissal of Claims 36, 60, and 61 with prejudice.

5. Because we vacate the dismissal of several federal claims and remand for further proceedings, we vacate the district court's dismissal of Claim 68 against defendants Hai Luc and Wanona Ireland, in their individual capacities.[1] In the event the district court dismisses the remaining federal claims on remand, the court again may determine whether to decline to exercise supplemental jurisdiction over Claim 68 and any other remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (district court may decline to exercise supplemental jurisdiction over state law claims if all claims over which it has original jurisdiction have been dismissed).

In conclusion, we:

- Affirm the dismissal of Claims 36, 60, 61, and 63 with prejudice;

- Affirm the dismissal of Claims 1–5, 37, 38, and 43 and remand to the district court with instructions to amend the judgment to reflect that the dismissal of these claims is without prejudice to refiling in the event Mr. Lund's conviction is invalidated; and

- Vacate the dismissal of Claims 6–35, 39–42, 44–59, 62, and 64–73 and remand for further proceedings consistent with this decision.[2]

---

[1] The Lunds do not challenge the dismissal of Claim 68 against CHP, the State, or Luc and Ireland in their official capacities.

[2] The Lunds concede that the Eleventh Amendment bars all claims against CHP, Warren Stanely in his official capacity, and the State on claims brought against CHP. *See Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017).

The Lunds' motion for judicial notice (Docket Entry No. 33) is denied as unnecessary.

**AFFIRMED in part, VACATED in part, and REMANDED.** The parties will bear their own costs on appeal.