**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD MARTELL, | No.23-55120 |
| *Plaintiff-Appellant*, | D.C. No. 3:22-cv-00920-JLS-MSB |
| v. | |
| BRIAN COLE, San Diego County Deputy Sheriffs Cole (#0473); KERRY JOHNSON, San Diego County Deputy Sheriffs Johnson (#0497); DAVID LOVEJOY, San Diego County Deputy Sheriffs Lovejoy (#3215); DAVID LANNON, San Diego County Deputy Sheriffs Lannon (#0233); JONATHAN YOUNG, San Diego County Deputy Sheriffs Young (#0188); DOES, 1-5, | OPINION |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted June 13, 2024
Pasadena, California

Filed September 23, 2024

Before:  William A. Fletcher, Jacqueline H. Nguyen, and
Kenneth K. Lee, Circuit Judges.

Opinion by Judge W. Fletcher;
Dissent by Judge Lee

## SUMMARY[*]

### *Heck v. Humphrey* / § 1983

The panel reversed the district court's dismissal of Ronald Martell's 42 U.S.C. § 1983 action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and remanded for further proceedings.

Under *Heck*, a § 1983 action cannot be maintained by a plaintiff who has been convicted of a crime if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. Martell pleaded guilty to obstructing a peace officer in violation of California Penal Code § 148(a)(1), and subsequently brought a § 1983 action claiming that the San Diego Deputy Sheriffs who arrested him used excessive force.

The panel held that *Heck* did not bar Martell's suit because he engaged in multiple acts of resistance or obstruction that could serve as a factual predicate for his

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

§ 148(a)(1) conviction, both before and after the use of force he claimed was excessive, and his guilty plea did not specify which act was the basis of his conviction. Success in his § 1983 action therefore would not undermine his conviction because his conviction could be based on any one of his acts of resistance or obstruction.

Dissenting, Judge Lee would hold that Martell's § 1983 action was barred by *Heck*, and he would affirm the district court's dismissal. He wrote that the majority opinion improperly sliced a fleeting incident into multiple isolated events—even though Martell's entire interaction with the deputy sheriffs was a single, inseverable event—to evade the *Heck* bar.

## COUNSEL

Keith H. Rutman (argued), Keith H. Rutman Attorney at Law, San Diego, California, for Plaintiff-Appellant.

Steven P. Inman, II (argued), Senior Deputy Chief Counsel; Robert A. Ortiz, Senior Deputy; Claudia G. Silva, County Counsel, San Diego Office of County Counsel, San Diego, California; for Defendants-Appellees.

## OPINION

W. FLETCHER, Circuit Judge:

Plaintiff-Appellant Ronald Martell pleaded guilty to obstructing a peace officer in violation of California Penal Code § 148(a)(1).  He later brought suit under 42 U.S.C. § 1983, claiming that the San Diego County Deputy Sheriffs who arrested him used excessive force.  The district court dismissed Martell's complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Under *Heck*, a § 1983 action cannot be maintained by a plaintiff who has been convicted of a crime if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id.* at 487.  A conviction under § 148(a)(1) requires that the criminal defendant resist or obstruct lawful conduct by an officer. *Lemos v. County of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022) (en banc).  A subsequent § 1983 action for excessive force is therefore barred by *Heck* if the force that the plaintiff challenges as unlawful is the same force that the plaintiff was convicted of resisting.  *Id.* at 1007.

In this case, Martell engaged in multiple acts of resistance or obstruction that could serve as a factual predicate for his § 148(a)(1) conviction, both before and after the use of force he claims was excessive.  His guilty plea did not specify which act was the basis of his conviction.  Success in his § 1983 lawsuit therefore would not undermine his guilty verdict because the verdict could be based on any one of his acts of resistance or obstruction. Because "[a]n action under section 1983 is barred if—but only if—success in the action would undermine the [guilty verdict] in a way that 'would *necessarily* imply or

demonstrate that the plaintiff's earlier conviction was invalid,'" *Heck* does not bar Martell's suit. *Id.* at 1006 (emphasis in original) (quoting *Smith v. City of Hemet*, 394 F.3d 689, 699 (9th Cir. 2005) (en banc)).

## I. Background

We review a grant of a motion to dismiss de novo, accepting as true the complaint's factual allegations. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). Martell's complaint incorporates by reference a video of his arrest taken by one of the deputies' body cameras. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

On the morning of September 3, 2020, the San Diego County Deputy Sheriffs who are defendants in this action came to Martell's home to investigate a report of domestic violence. The deputies found Martell in a hallway in his home and ordered him to "get on the ground." Martell did not comply with this order. Instead, he knelt on one knee without looking at the deputies. About ten seconds after the deputies ordered Martell to get on the ground, they pushed him to the floor.

According to Martell's complaint, the deputies used excessive force and injured him when they pushed him to the floor. Martell alleges that "[h]e was thrown face first down to the ground and his arms wrenched so severely that [d]octors later that day diagnosed MARTELL with a dislocated shoulder and rotator cuff tear." Martell claims the deputies' conduct in pushing him to the floor was unlawful under *Andrews v. City of Henderson*, 35 F.4th 710 (9th Cir. 2022), which held that our case law "clearly established . . . that an officer violates the Fourth Amendment by tackling and piling on top of a 'relatively calm,' non-resisting suspect

who posed little threat of safety without any prior warning and without attempting a less violent means of effecting an arrest." *Id.* at 719 (quoting *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007)).

One minute after Martell was pushed to the ground, the deputies instructed Martell to roll onto his side so he could stand and leave the home with them. Martell did not comply with the instruction. Instead, he shouted at the deputies and attempted to bring his legs under his body. The deputies forced him back onto his stomach in response. Shortly after that, Martell was instructed by the deputies to sit up and bring his knees to his chest, but Martell refused to comply. Several minutes later, because of Martell's continuing failure to cooperate, the deputies placed him in a full-body restraint device and carried him out of the home.

Martell ultimately pleaded guilty to battery and to resisting or obstructing a peace officer in violation of § 148(a)(1). In setting forth the factual predicate for his § 148(a)(1) conviction, Martell's plea agreement recited the elements of the offense without specifying which act (or acts) of resistance or obstruction was (or were) the basis of the conviction.

Martell later filed the present § 1983 action, claiming the deputies used excessive force in violation of the Fourth and Fourteenth Amendments when they forced him to the floor. The district court dismissed his complaint as barred by *Heck*. The court reasoned that a plaintiff in Martell's position must plausibly allege that his claim "arises from either an 'isolated factual context[]' within 'one continuous chain of events,' or that it is 'temporally or spatially' distinct from the conduct that resulted in his conviction." *Martell v. Cole*, No. 22-cv-920, 2023 WL 140120, at *4 (S.D. Cal. Jan. 9, 2023)

(alteration in original) (citation omitted) (first quoting *Yount v. City of Sacramento*, 183 P.3d 471, 482 (Cal. 2008); and then quoting *Price v. Galiu*, No. 16-cv-412, 2017 WL 6371770, at *3 (S.D. Cal. Dec. 12, 2017)).

Based on the body camera footage, the district court stated that "Plaintiff's resistance and the force applied to subdue Plaintiff arose from the same factual context." *Id.* at *4. The court noted that the use of force challenged by Martell occurred "less than ten seconds" after Martell's initial resistance. *Id.* The court therefore concluded that it could not "reasonably separate the two acts into isolated factual contexts" because of "the close relationship between Plaintiff's resistance and the deputies' efforts to subdue Plaintiff." *Id.* The court denied Martell's request for leave to amend his complaint, stating that any amendment "would be futile, as the body-worn camera footage submitted by Plaintiff would inevitably lead the Court to the same conclusion." *Id.* at *7.

Martell timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.

## II.  Discussion

### A.  Our Caselaw

The Supreme Court held in *Heck* that "a section 1983 action is barred if success in the action would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" *Lemos*, 40 F.4th at 1005 (quoting *Heck*, 512 U.S. at 486). An action is barred by *Heck* only when the plaintiff's criminal conviction "is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought." *Smith*, 394 F.3d

at 695 (quoting *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam)).

"When the conviction is based on a guilty plea, we look at the record to see which acts formed the basis for the plea." *Lemos*, 40 F.4th at 1006. A § 1983 action is barred only if "success in the action would undermine" the factual basis of the guilty plea "in a way that 'would *necessarily* imply or demonstrate' that the plaintiff's earlier conviction was invalid." *Id.* (emphasis in original) (quoting *Smith*, 394 F.3d at 699). The Supreme Court has explained that *Heck* "stress[ed] the importance of the term 'necessarily'" to avoid giving *Heck*'s preclusion rule too wide a sweep. *Nelson v. Campbell*, 541 U.S. 637, 647 (2004).

Our circuit has considered several times how *Heck* applies when a plaintiff convicted of resisting or obstructing a peace officer under § 148(a)(1) later sues for excessive force. *See, e.g.*, *Hooper v. County of San Diego*, 629 F.3d 1127, 1130 (9th Cir. 2011). A conflict can arise between a § 148(a)(1) conviction and an excessive force claim because a violation of § 148(a)(1) requires the officer to be "engaged in the performance of his or her duties" at the time of the suspect's resistance or obstruction, and "California courts have held that an officer who uses excessive force is acting unlawfully and therefore is not engaged in the performance of his or her duties." *Lemos*, 40 F.4th at 1006 (quoting *Yount*, 183 P.3d at 479).

Our decisions in *Hooper* and *Lemos* are particularly instructive in assessing the facts of this case. In *Hooper*, we held that an excessive force claim may proceed after a § 148(a)(1) conviction when the resistance or obstruction and the allegedly unlawful use of force occur "in a single continuous chain of events lasting a very brief time."

*Hooper*, 629 F.3d at 1131. The events of *Hooper*—from the § 148(a)(1) violation to the allegedly excessive force—took place "in a span of 45 seconds." *Id.* at 1129. We held that a conviction under § 148(a)(1) is valid if "at some time during a 'continuous transaction' an individual resisted, delayed, or obstructed an officer when the officer was acting lawfully," and we therefore concluded that "[i]t does not matter that the officer might also, at some other time during that same 'continuous transaction,' have acted unlawfully." *Id.* at 1132.

In *Lemos*, our en banc court rejected the view that *Heck* precludes a plaintiff's suit absent a clear "temporal or spatial distinction or other separation between the conduct for which [the plaintiff] was convicted . . . and the conduct which forms the basis of her Section 1983 claim." *Lemos*, 40 F.4th at 1007 (second alteration in original). To determine whether a § 148(a)(1) conviction bars a subsequent damages claim for excessive force, a court must look to the particular act or acts for which the plaintiff may have been convicted. *Id.* at 1006. The court cannot conclude generally that the plaintiff's conviction was "based on the entire incident as a whole," such that a finding of excessive force at any time during the incident would necessarily conflict with the conviction. *Id.* at 1007.

We held in *Lemos* that *Heck* does not bar a § 1983 action even when the plaintiff alleges the officer used excessive force during one of several resisting or obstructing acts that "could be the basis for the guilty verdict" if the record does not show that this particular act was the factual predicate for the plaintiff's § 148(a)(1) conviction. *Id.* We wrote in *Lemos*: "[I]f the officer is acting lawfully and the defendant resists him, the defendant has violated section 148(a)(1). Whatever might happen later, it cannot undo the violation."

*Id.* at 1008. We had written much the same thing one year earlier in *Sanders v. City of Pittsburg*, 14 F.4th 968 (9th Cir. 2021): "[I]f the alleged excessive force occurred *before* or *after* the acts that form the basis of the § 148(a) violation, even if part of one continuous transaction, the § 1983 claim doesn't 'necessarily imply the invalidity of [the] criminal conviction under § 148(a)(1).'" *Id.* at 971 (emphasis in original) (quoting *Smith*, 394 F.3d at 696).

## B. Application to Martell's Claim

Our cases resolve this appeal. Martell's guilty plea under § 148(a)(1) did not specify which act (or acts) of resistance or obstruction was (or were) the basis of his plea. His plea could have been based on any of several acts of resistance or obstruction, either before or after the use of force he challenges.

First, Martell failed to obey the deputies' order to "get on the ground." Instead of getting fully on the floor, he knelt on one knee. Assuming that he understood the deputies to have ordered him to get prone on the floor rather than to kneel, his failure to comply with the order was an act of resistance or obstruction. That failure to comply was enough, in itself, to support his conviction under § 148(a)(1). *See In re J.C.*, 176 Cal. Rptr. 3d 503, 507 (Cal. Ct. App. 2014) (concluding that evidence of noncompliance with "order[s] to sit down and calm down" was sufficient to support § 148(a)(1) conviction).

Second, after the deputies pushed him to the floor, Martell failed to comply with several orders of the deputies. About a minute after the deputies pushed Martell to the floor, they ordered him to roll onto his side so he could stand and leave the home with them. Martell refused to do so. Martell then refused to comply with the deputies' order to sit up and

bring his knees to his chest.  Several minutes later, because of Martell's continuing refusal to stand, the deputies were obliged to forcibly remove him from the house.  These acts were not resistance to or obstruction of the use of force Martell claims was unlawful.

These independently sufficient bases for Martell's guilty plea would be unaffected by a finding that the deputies used excessive force when they allegedly "wrenched [his arms] so severely that doctors later that day diagnosed Martell with a dislocated shoulder and rotator cuff tear." (Capitalization adjusted.)  A § 1983 claim is not barred by *Heck* where "[t]here would be no contradiction" between a fact sufficient to support the plaintiff's § 148(a)(1) conviction and a finding that an officer used excessive force at another time during the same arrest.  *Lemos*, 40 F.4th at 1007; *see also Smith*, 394 F.3d at 695 (*Heck* applies when the plaintiff's criminal conviction "is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought" (quoting *Smithart*, 79 F.3d at 952)).

The application of *Lemos* is not changed by the fact that the resisting or obstructing acts and the lawful use of force were separated by five minutes in *Lemos,* but in the case before us, by ten seconds preceding the lawful use of force and several minutes following the use of such force.  We have previously held that a § 1983 suit is not barred by *Heck* even when the allegedly excessive force and the obstructive act that is the basis of the plaintiff's conviction occur "in a single continuous chain of events lasting a very brief time." *Hooper*, 629 F.3d at 1131; *see also id.* at 1129 (noting that the full encounter took place "in a span of 45 seconds").

Our en banc decision in *Lemos* did not suggest that its *Heck* analysis depended on the precise amount of time or

space between the act of obstruction for which the plaintiff was convicted and the use of force the plaintiff challenged as excessive. *See Lemos*, 40 F.4th at 1007. In all cases involving the application of *Heck* to a § 148(a)(1) conviction, the question is whether the specific act for which the plaintiff was convicted was resistance to the particular use of force the plaintiff alleges was unlawful. If it was not, "success on the merits" of the plaintiff's § 1983 action "would not '*necessarily* imply that the plaintiff's conviction was unlawful.'" *Nelson*, 541 U.S. at 647 (emphasis in original) (quoting *Heck*, 512 U.S. at 487 n.7). As *Lemos* and *Hooper* make clear, this principle holds true regardless of the number of seconds or minutes between the plaintiff's act of resistance or obstruction and the officer's allegedly unlawful use of force.

The deputies rely principally on *Sanders v. City of Pittsburg* to support their argument that a judgment in Martell's favor on his excessive force claim would necessarily invalidate his § 148(a)(1) conviction. In *Sanders*, a panel of our court affirmed the dismissal under *Heck* of an excessive force claim when an officer ordered a police dog to bite the plaintiff's leg during a struggle to arrest him. *Sanders*, 14 F.4th at 970. The panel distinguished *Hooper* because in *Hooper*, "the record was silent on which act or acts formed the basis of [the plaintiff's] conviction." *Id.* at 971. By contrast, the plaintiff in *Sanders* "stipulated that the factual basis for his conviction encompassed the three instances of resistance identified in the preliminary hearing transcript," which included resistance to the dog bite that the plaintiff later claimed was unlawful. *Id.* at 972.

Based on the terms of the plea agreement and the transcripts of the preliminary hearing and plea hearing in *Sanders*, the panel concluded that "all of" these three

obstructive acts were the factual predicate for the plaintiff's § 148(a)(1) conviction, including resistance to the dog bite. *Id.* The *Sanders* panel therefore held that a finding that the dog bite was unlawful would "'necessarily imply[]' that the conviction was invalid." *Id.* (quoting *Heck*, 512 U.S. at 487).

In this case, as in *Hooper* and *Lemos* and in contrast to *Sanders*, the record is silent about which one (or more) of Martell's resisting or obstructing acts was (or were) the factual predicate of his guilty plea. Because of that silence, a finding that the deputies used excessive force when Martell "was thrown face first down to the ground" would not necessarily imply the invalidity of Martell's conviction. Absent an indication in the record that the factual predicate for his conviction was resistance to or obstruction of the specific use of force he now challenges, Martell's conviction would be sufficiently supported by any of his resisting or obstructing actions before and after that use of force. *See id.* at 971–72 (distinguishing *Hooper* on similar grounds).

The deputies point to a broad statement in *Sanders* that courts may not "slice up the factual basis of a § 148(a)(1) conviction" when evaluating whether a claim is precluded by *Heck*. *Id.* at 972 (emphasis omitted). The district court adopted and relied on this language. *Martell*, 2023 WL 140120, at *5. Along the same lines, *Sanders* further stated that "the factual basis of a § 148(a)(1) conviction encompassing multiple acts is indivisible" for purposes of the *Heck* bar. *Sanders*, 14 F.4th at 972.

Those statements in *Sanders* must be understood in light of the facts in that case. The plea agreement and preliminary hearing transcript in *Sanders* showed that the plaintiff's conviction under § 148(a)(1) was based on all three of the obstructive acts at issue in the case. By contrast, in *Lemos*,

where the record did not make clear which of the plaintiff's acts was the basis of her § 148(a)(1) conviction, our en banc court distinguished between the various obstructive acts that provided independent factual bases for her conviction in precisely the way that the deputies' overbroad reading of *Sanders* would disallow.  *See Lemos*, 40 F.4th at 1007.

Further, the panel's suggestion in *Sanders* that the factual bases for a § 148(a)(1) conviction are "indivisible" was based in part on a statement we made in *Smith* about the scope of § 148(a)(1).  We wrote in *Smith* that a conviction under § 148(a)(1) "necessarily means that [the] 'officers' actions throughout the whole course of the defendant's conduct' [were] necessarily found lawful."  *Sanders*, 14 F.4th at 972 (quoting *Smith*, 394 F.3d at 699 n.5).  But our en banc court in *Lemos* specifically disapproved that statement from *Smith*, holding that when the record shows the defendant may have been found guilty "based on one of several different events, then a guilty verdict does *not* necessarily 'determine[] the lawfulness of the officers' actions' throughout the entire encounter."  *Lemos*, 40 F.4th at 1008–09 (emphasis and alteration in original) (quoting *Smith*, 394 F.3d at 699 n.5).

In sum, we held in *Lemos* that a § 1983 excessive force suit may proceed after a § 148(a)(1) conviction unless the obstructive act that was the factual basis for the conviction was resistance to the use of force the plaintiff now alleges was unlawful.  *Id.* at 1008.  We further held that when the factual predicate of the conviction is unclear from the record and conduct that would be sufficient to support the conviction was not obstruction of or resistance to the allegedly excessive force, success in the plaintiff's § 1983 suit would not necessarily imply the invalidity of the plaintiff's conviction, and the suit would not be barred.  *Id.*

at 1007. Our holdings in *Lemos*, *Hooper*, and other cases require us to reverse the dismissal of Martell's complaint.

As is apparent from the foregoing, we disagree with the views expressed by our dissenting colleague. The basis for our disagreement is evident in what we have written above, but two points deserve separate mention.

First, our colleague writes that if Martell had not pleaded guilty but had instead chosen to go to trial, the State would not have been allowed to divide his course of conduct into pieces and to charge him with multiple acts that violated § 148(a)(1). *See* Dissent at 19, 23 n.2. We agree. California's rule with respect to trials under § 148(a)(1) protects a defendant against overcharging § 148(a)(1) offenses. But we point out that the State at trial needs only prove one act of resistance or obstruction of lawful police conduct in order to obtain a conviction under § 148(a)(1). Stated otherwise, a State can obtain a conviction at trial even if some of the charged acts of resistance or obstruction were in response to *unlawful* police conduct and thus could not have provided a basis for a conviction under § 148(a)(1). Our colleague suggests that this would be true only if there are "'isolated factual contexts' between the lawful and unlawful conduct," Dissent at 23 n.2, but our case law is to the contrary. As we held in *Hooper*, the lawful and unlawful conduct can be part of a "continuous transaction." *Hooper*, 629 F.3d at 1132.

Our colleague would go beyond California's rule that prohibits charging separate violations of § 148(a)(1) in a case that goes to trial. He would create a new version of California's rule for a case that does *not* go to trial. He would hold that a guilty plea under § 148(a)(1) is necessarily a guilty plea to every act of resistance or obstruction during

the defendant's encounter with the police.  That is, he would hold that a guilty plea under § 148(a)(1) is an admission that there was never, during the entire encounter, an unlawful use of force.  Our colleague would so hold despite the fact that if the case had gone to trial, the factfinder could have found that Martell was guilty under § 148(a)(1) even though, due to unlawful police conduct, some of the charged acts did not violate § 148(a)(1).  With all due respect, we disagree.  A general guilty plea under § 148(a)(1) is not a plea to anything beyond one act of resistance to or obstruction of lawful use of force.  It is not an across-the-board plea of guilt under § 148(a)(1) to all acts of resistance or obstruction during the encounter.

Second, our colleague discusses only one act of resistance or obstruction—Martell kneeling rather than getting all the way down on the floor after the officers told him to "get down on the ground."  About ten seconds after Martell knelt, the officers forcibly took him to the floor.  Our colleague does not discuss, or even mention, Martell's multiple acts of resistance or obstruction after he was forcibly taken to the floor.  Even if we were to concede (which we do not) that the forcible takedown was in direct response to Martell's refusal to get fully on the floor and that his refusal was not meaningfully separate from the act to which he pleaded guilty, that concession would not resolve this appeal.  As recounted above, Martell resisted or obstructed several times after he was forcibly taken to the ground.  Our colleague has no answer as to Martell's later acts of resistance or obstruction.

Conclusion

*Heck* does not bar a § 1983 action following a § 148(a)(1) conviction unless the factual basis for the conviction was resistance to or obstruction of the particular use of force the plaintiff alleges was excessive. When the factual predicate of the conviction is not clear from the record and the conviction could have been based on an act of resistance or obstruction different from the plaintiff's conduct during the allegedly unlawful use of force, a judgment in the plaintiff's favor in the § 1983 action would not "necessarily imply the invalidity of [the] conviction." *Id.* at 1006 (emphasis omitted). Because Martell's conviction is adequately supported by his resisting or obstructing conduct that took place both before and after the deputies' allegedly unlawful use of force, we reverse the judgment of the district court and remand for further proceedings.

**REVERSED and REMANDED.**

---

LEE, Circuit Judge, dissenting:

In September 2020, several San Diego Sheriff's Deputies busted through the door of Ronald Martell's apartment after receiving a 911 call about an ongoing domestic violence incident. As the body camera footage shows, the deputies yelled at Martell to put up his hands and get on the ground. Martell did neither, kneeling with his hands by his sides. The deputies immediately twisted Martell's arms behind his back and pushed him to the floor as he "instinctively resisted." This entire exchange lasted seconds. The deputies sat with Martell for several minutes before handcuffing him and escorting him out of the home.

Martell pleaded guilty to one violation of California Penal Code § 148(a)(1), stating only that he "willfully obstructed or delayed a peace officer in the performance of his official duties." He then sued under 42 U.S.C. § 1983, alleging that the officers used excessive force during this arrest. Given the broad factual basis of his plea, Martell contends that his claim is not barred by *Heck v. Humphrey*, which precludes § 1983 actions that would "necessarily require the plaintiff to prove the unlawfulness of his conviction." 512 U.S. 477, 486 (1994). The majority opinion agrees. To get there, the majority opinion separates Martell's brief scuffle with the deputies into several seconds-long intervals such that his guilty plea can be read to cover only one of those artificially severed events.

That holding is just another step in this circuit's slow erosion of the *Heck* bar. We have already said that spatial and temporal distinctions are not dispositive when analyzing convictions under § 148(a)(1). Now, the majority opinion goes even further and slices a fleeting incident into multiple isolated events—even though Martell's entire interaction was a single, inseverable event—to evade the *Heck* bar. I respectfully dissent.

* * * *

In *Heck*, the Supreme Court reasoned that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486. A plaintiff's section 1983 action is thus barred if it "impl[ies] the invalidity of his conviction or sentence." *Id.* at 487. This doctrine encourages comity and prevents parallel proceedings on the same subject matter. *See McDonough v. Smith*, 588 U.S. 109, 118–19 (2019). The *Heck* bar also serves as an important backstop against

allowing convicted defendants to collaterally attack their conviction and sue the government for the very acts that led to their conviction.

Our circuit has repeatedly addressed the *Heck* bar's application to resisting-arrest convictions under California law. Because convictions for resisting, delaying, or obstructing an officer under § 148(a)(1) require that the officer be engaged in the *lawful* performance of his or her duties, any conduct that supports a § 148(a)(1) conviction is *Heck*-barred from supporting a section 1983 excessive-force claim. *See Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006–07 (9th Cir. 2022) (en banc) (citing *Yount v. City of Sacramento*, 43 Cal. 4th 885, 894 (2008)). In other words, a criminal defendant cannot plead guilty and admit that the officer used lawful force in arresting him—and then turn around and sue the officer for allegedly using unlawful force in that same event. Thus, to prevail on his section 1983 claim, a plaintiff must show that the alleged acts of excessive force were not the same acts he was convicted of resisting, delaying, or obstructing. *See Lemos*, 40 F.4th at 1007.

How do we separate these two categories of actions? This question is difficult to answer if, as here, the record does not reveal the exact factual basis for the plaintiff's conviction. Generally, under California's continuous course of conduct rule, acts that "are so closely connected that they form part of one and the same transaction" constitute a single offense. *People v. Thompson*, 160 Cal. App. 3d 220, 224 (1984); *see also Lemos*, 40 F.4th at 1010 (Callahan, J., dissenting) (citing *People v. McFarland*, 58 Cal. 2d 748, 760 (1962)). This rule protects defendants: otherwise, a defendant might find himself subject to one resisting-arrest count for refusing to raise his left hand, and another for refusing to raise his right hand. To determine whether acts

are part of the same transaction, California courts consider various factors, including the time elapsed between the acts, whether the acts happened in the same place, and if there was a break in criminal activity. *See Smith v. City of Hemet*, 394 F.3d 689, 709 (9th Cir. 2005) (en banc) (Silverman, J., dissenting) (citing *People v. Jefferson*, 123 Cal. App. 2d 219, 221 (1954); *People v. Mota*, 15 Cal. App. 3d 227, 233 (1981)). Presumably then, we would look to these same temporal and spatial considerations to determine whether the *Heck* bar applies.

The California Supreme Court in *Yount*, however, appeared to put a slight wrinkle in this analysis when it held that "two isolated factual contexts"—one supporting a plaintiff's § 148(a)(1) conviction, and one supporting an officer's section 1983 liability—could exist even in "one continuous chain of events." 43 Cal. 4th at 899. But when read carefully, that decision merely made the rather unremarkable observation that temporal and spatial considerations alone may not be dispositive of a *Heck* bar.

The facts of *Yount* illustrate how there may be two isolated and distinct events within a short and continuous transaction. Yount began resisting after police officers had arrested him. *Id*. at 890. The officers decided to immobilize Yount to transport him from one police vehicle to another, but Yount fought back, and the interaction escalated into a physical altercation. After the officers had secured Yount's ankles, one officer mistakenly reached for a gun instead of a taser and shot Yount in the upper thigh. *Id*. The California Supreme Court identified two isolated contexts within that single confrontation: one when Yount was resisting lawful arrest, and one when the officer used deadly force on Yount while he was partially restrained. *Id.* at 899. Common sense

tells us that trying to physically subdue a suspect is distinct from shooting him, even if both arise from a single arrest.

Our en banc court in *Lemos* recognized *Yount*'s observation that a continuous transaction may comprise several distinct and isolated events. 40 F.4th at 1007–08. There, Lemos was charged with willfully resisting, delaying, or obstructing an officer who was investigating a stopped truck in which Lemos' sister was a passenger. 40 F.4th at 1004. The jury was instructed that it could find Lemos guilty based on one of any four enumerated acts that occurred over a span of several minutes: (1) if Lemos "made physical contact with [the officer] as he was trying to open the truck door"; (2) if Lemos "placed herself between" the officer and her sister; (3) if Lemos "blocked [the officer] from opening the truck door and seeing or speaking with" her sister; or (4) if Lemos "pulled away when [the officer] attempted to grab her" as she walked away minutes later, despite the officer's order to stop. *Id*. at 1005.

The jury returned a guilty verdict, but "the verdict form did not require the jury to identify a specific act." *Id.* Lemos's section 1983 suit challenged the officer's use of force for only the fourth act—grabbing Lemos as she attempted to walk away. *Id*. at 1007. But it was possible that the jury had convicted her on the first three acts listed in the jury verdict form. And if that were the case, then a successful section 1983 lawsuit challenging the fourth act "would not *necessarily* mean that [Lemos's] conviction [on the first three acts] was invalid" and the *Heck* bar would not apply. *Id*. (emphasis original). In *Lemos*, the continuous transaction—the arrest of Lemos—came pre-sliced by the jury instructions into "isolated factual contexts": Lemos walking away from an officer (despite his order to stop) was

distinct from her blocking the truck door five minutes earlier.[1]

The majority opinion, however, reads *Yount* and *Lemos* overbroadly, seemingly holding that the *Heck* bar never applies when there is one continuous course of conduct. But that ignores the second part of the *Yount* analysis—whether there are "two isolated factual contexts" within that single continuous chain of events. In *Yount, Lemos*, and *Hooper*, there was one single arrest in each case. But each arrest could be segmented into different factual contexts separated by new actions, new actors, or dramatic (and even deadly) changes in the caliber of an act.

This case is different. Here, there are no isolated contexts. Martell was ordered to get on the ground; he resisted; and while he was resisting, he was pushed to the floor. This was a single continuous transaction with a single factual context. The majority opinion seeks to subdivide this ten-second interval: perhaps the actions giving rise to Martell's § 148(a)(1) conviction were solely the three seconds where the deputies ordered him to get down to the floor and he hesitated, and not the next second, when Martell continued to refuse and the deputies moved towards him to push him to the ground. *See* Maj. Op. at 10. But what framework does that leave us with? If we can find different

---

[1] We applied a similar analysis in *Hooper v. Cnty. of San Diego*, 629 F.3d 1127 (9th Cir. 2011). There, deputies arrested Hooper when she began struggling. A deputy secured Hooper's arms behind her back and instructed her to stop resisting; she complied. *Id*. at 1129. The deputy's police dog then attacked Hooper, bit her head, and tore off a large chunk of her scalp. *Id*. Although this incident lasted only 45 seconds, we identified two distinct events: one when Hooper was resisting lawful arrest, and one when the police dog attacked a compliant arrestee. *Id*. at 1133.

factual contexts from second to second—meaning, if we can distinguish one second of hesitating to obey a deputy's order from one second of resisting it—then the exception swallows the rule, and the *Heck* bar is no bar at all. And if we further undermine California's continuous course of conduct rule, then nothing prevents a prosecutor from stacking multiple resisting-arrest charges against a defendant based on a single discrete ten-second incident.

It makes no sense to separate Martell's refusal to put his hands up from his refusal to get on the ground, whether it is a criminal prosecution against him for resisting arrest or a section 1983 lawsuit by Martell seeking damages. Our case is simply different from *Hooper* (where the plaintiff complied and was then scalped by a dog) or *Yount* (where the plaintiff who was being subdued was suddenly shot in the leg) or *Lemos* (which involved distinct events separated by significant time, different actors, and events).[2]

Because I do not believe we should further erode the *Heck* bar, I respectfully dissent.

---

[2] If Martell's case had gone to trial, then the prosecution presumably would have charged the entire continuous transaction as a single resisting-arrest offense because there is no logical separation among Martell's various obstructive acts (*e.g.*, not raising his hands, refusing to lie on the ground). The majority raises the specter that (under my reading of our case law) a guilty plea under § 148(a)(1) could potentially bar suits challenging even unlawful aspects of an arrest. Maj. Op. 15–16. But in such cases, there will likely be "isolated factual contexts" between the lawful and unlawful conduct such that a guilty plea would not necessarily undermine the plaintiff's § 1983 lawsuit challenging the unlawful conduct. *See Yount*, 43 Cal. 4th at 899.