NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ADOLFO CARDENAS, individually,

Plaintiff - Appellant,

v.

CITY OF SANTA MARIA; ANDY
BRICE; DOES, 1 through 25, inclusive,

Defendants - Appellees.

No. 24-5457

D.C. No.
2:23-cv-10146-MRW

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Michael R. Wilner, Magistrate Judge, Presiding

Argued and Submitted October 9, 2025
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and CHEN, District Judge.[**]
Partial Concurrence by Judge KOH.

Adolfo Cardenas appeals the district court's grant of Defendants' motion for

summary judgment. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de

novo, *Anthoine v. N. Cent. Counties Consortium*, 605 F.3d 740, 747 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward M. Chen, United States District Judge for the
Northern District of California, sitting by designation.

2010), we reverse.

Civil suits for damages are barred when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "A conflict can arise between a [California Penal Code] § 148(a)(1) conviction and an excessive force claim because a violation of § 148(a)(1) requires the officer to be 'engaged in the performance of his or her duties'" at the time of the § 148(a)(1) violation "and 'California courts have held that an officer who uses excessive force is acting unlawfully and therefore is not engaged in the performance of his or her duties.'" *Martell v. Cole*, 115 F.4th 1233, 1236 (9th Cir. 2024) (quoting *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022) (en banc)). "To decide whether success on a section 1983 claim would *necessarily* imply the invalidity of a conviction, we must determine which acts formed the basis for the conviction." *Lemos*, 40 F.4th at 1006. "When the conviction is based on a guilty plea, we look at the record to see which acts formed the basis for the plea." *Martell*, 115 F.4th at 1236 (quoting *Lemos*, 40 F.4th at 1006). If the record does not "make clear" which act or acts formed the basis for the conviction, the *Heck* bar does not apply. *Id.* at 1239.

1. Cardenas's California Penal Code § 148(a)(1) conviction does not bar

this excessive force suit because the record of that conviction does not clearly demonstrate that the conviction is irreconcilable with his civil claim. Cardenas's civil suit alleges that Officer Brice used excessive force when he tased Cardenas. The record of Cardenas's § 148(a)(1) conviction demonstrates that before Cardenas was tased, Cardenas engaged in multiple acts of resistance to the police, any one of which could, independently, form the basis for his conviction. "*Heck* does not bar" a civil action for excessive force "even when the plaintiff alleges the officer used excessive force during one of several resisting or obstructing acts that 'could be the basis for the guilty verdict' if the record does not show that this particular act was the factual predicate for the plaintiff's § 148(a)(1) conviction." *Martell*, 115 F.4th at 1237 (quoting *Lemos*, 40 F.4th at 1007). And, here, the record does not clearly identify which conduct formed the factual predicate for Cardenas's § 148(a)(1) conviction.[1]

2.      *Sanders v. City of Pittsburg*, 14 F.4th 968 (9th Cir. 2021), is not to the contrary. In *Sanders*, the plaintiff pled to a § 148(a)(1) conviction. *Id.* at 970. At the plea colloquy, the plaintiff stated that there was a factual basis for the plea

---

[1] Alternatively, Cardenas pleaded "no contest" or "nolo contendere" to his conviction. Following oral argument in this case, our court issued a decision holding that Federal Rule of Evidence 410(a) "bars admission of a *nolo contendere* plea to show that a § 1983 plaintiff committed the crimes to which he pleaded *nolo contendere*." *King v. R. Villegas*, 156 F.4th 979, 984 (9th Cir. 2025). No case in our circuit had previously addressed this issue.

"based on the preliminary hearing transcript." *Id.* Because "Sanders stipulated that the factual basis for his conviction encompassed the three instances of resistance identified in the preliminary hearing transcript," we held that he could not bring an excessive force suit related to the officers' actions during any of those three acts since each of those "acts led to his conviction[.]" *Id.* at 972.

Here, Cardenas did not clearly stipulate that the factual basis for his conviction encompassed all the of the actions in Officer Brice's police report. Rather, Cardenas acknowledged, in a check box on his plea form, that the Santa Barbara Superior Court "may consider" a "[p]olice report" as "proof of the factual basis for [his] plea." The plea form's "Attorney's Statement" further indicated that Cardenas's counsel "stipulate[d] that there is a factual basis for the plea and refer[ed] the court to the [] police report." Thus, Cardenas merely stipulated that there was a factual basis and then referred the court to the police report. Accordingly, the record does not demonstrate that each of Cardenas's acts, as described in the police report, was the factual basis for his conviction. Moreover, the "suggestion in *Sanders* that the factual bases for a § 148(a)(1) conviction are 'indivisible' was based in part on a statement we made in *Smith* about the scope of § 148(a)(1)," and "our en banc court in *Lemos* specifically disapproved that statement from *Smith*[.]" *Martell*, 115 F.4th at 1239 (quoting *Sanders*, 14 F.4th at 972, and citing *Smith v. City of Hemet*, 394 F.3d 689, 699 n.5 (9th Cir. 2005) and

*Lemos*, 40 F.4th at 1008–09). Indeed, "when the record shows the defendant may have been found guilty, based on one of several different events, then a guilty verdict," or in this case, a plea, "does *not* necessarily determine[ ] the lawfulness of the officers' actions throughout the entire encounter." *Id.* (internal quotation marks and citations omitted). The record herein does not "make clear" which act or acts formed the basis for the § 148(a)(1) conviction. *Martell*, 115 F.4th at 1236.

**REVERSED and REMANDED.**

*Cardenas v. City of Santa Maria, et al.*, No. 24-5457

KOH, J., concurring in part and concurring in the judgment:

I concur with my colleagues that our recent decision in *King v. Villegas*, 156 F.4th 979 (9th Cir. 2025), requires us to reverse the district court's grant of summary judgment in favor of the City. I respectfully disagree, however, with the majority's conclusion that the record in this case "does not clearly identify which conduct formed the factual predicate for Cardenas's § 148(a)(1) conviction." Maj. Op. at 3. Because I would resolve this case solely on the grounds that *King* precludes consideration of Cardenas's no contest plea, I concur in part and concur in the judgment.

1.      In *King*, the plaintiff, Jerry Lee King, brought an action under 42 U.S.C. § 1983 against two correctional officers and alleged that the officers used excessive force against him in violation of the Eighth Amendment. 156 F.4th at 982. After King filed his civil suit, he was charged with one count of battery by a state prisoner and one count of obstructing or resisting an executive officer for his conduct during the incident in question. *Id.* King later pleaded *nolo contendere* to the charge of resisting an executive officer under California Penal Code § 69. *Id.* At his plea hearing, King stipulated "to a factual basis based on the probable cause statement and the reports in discovery," including medical reports and incident reports by prison staff. *Id.*

The defendant officers in King's civil suit then moved for judgment on the pleadings based on King's plea. *Id.* The district court ultimately agreed with the officers and ruled that King's § 1983 action was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In reaching that conclusion, the district court "compared the facts contained in King's complaint to those contained in one of [the officer's] incident reports," and found that "there was no possible way these two sets of facts could simultaneously be true." *King*, 156 F.4th at 983 (citation modified).

The majority in *King* reversed and concluded that the district court erred in considering evidence of King's *nolo* plea. As a matter of first impression, the court held that Federal Rule of Evidence 410(a) "bars admission of a *nolo contendere* plea to show that a § 1983 plaintiff committed the crimes to which he pleaded *nolo contendere*." *Id.* at 984. The court noted that this conclusion "follow[ed] from a straightforward application of the text of the Rule" and was "consistent with the established understanding" that no contest pleas are not an admission of factual guilt. *Id.* at 984-85.

*King* requires that we reach the same result here. Similar to *King*, Cardenas pleaded no contest to one count of resisting arrest for his conduct during the same incident that forms the basis of his excessive force claim. Similar to *King*, the district court relied on Cardenas's no contest plea and the factual basis for that plea, including Officer Brice's police report, in determining that Cardenas's claim

was *Heck*-barred. Under *King*, that was error because Federal Rule of Evidence 410(a) bars admission of Cardenas's *nolo* plea and plea statements to prove that Cardenas committed the crimes to which he pleaded.

The City's arguments to the contrary are not persuasive. In its supplemental briefing, the City puts forth several reasons why *King*'s application of Rule 410(a) in the *Heck* analysis is incorrect. Those arguments necessarily fail, as *King* is controlling precedent in this Circuit. The City also tries to distinguish *King* on the facts, but none of the purported factual differences between this case and *King* undermines *King*'s central holding that "Rule 410(a) bars admission of a *nolo contendere* plea to show that a § 1983 plaintiff committed the crimes to which he pleaded *nolo contendere*." *King*, 156 F.4th at 984.[1]

2. Because *King* controls here, we need not—and should not—decide whether the factual basis for Cardenas's no contest plea is irreconcilable with his civil suit. However, because the majority's decision rests on its determination that "the record does not clearly identify which conduct formed the factual predicate for Cardenas's § 148(a)(1) conviction," I must express my disagreement with that conclusion. Maj. Op. at 3.

---

[1] The City also notes that Cardenas did not object to the admission of his conviction below. However, we may decline to apply the waiver doctrine where, as here, a "new issue arises while the appeal is pending because of a change in the law." *Hunter v. U.S. Dep't of Educ.*, 115 F.4th 955, 964 (9th Cir. 2024) (citation omitted).

Before the district court, Cardenas's counsel conceded that "Officer Brice's police report formed the factual bases for [Cardenas's] criminal plea." In his briefing before this Court, Cardenas's counsel again conceded that Officer Brice's police report "formed the factual bases for his criminal plea." At oral argument, Cardenas's counsel was specifically asked if he was conceding that by checking the police report box on the plea form, Cardenas was stipulating that all four acts of resistance in Officer Brice's police report were stipulated to as the basis for Cardenas's plea. Cardenas's counsel responded, "I did so in the lower court . . . and I think it would be unethical for me to change my tune now." Moreover, Cardenas could have excluded the fourth act of resistance in Officer Brice's police report from his factual basis, but chose not to do so. Given this decision as well as Cardenas's counsel's concessions, I respectfully disagree with the majority's conclusion that "Cardenas did not clearly stipulate that the factual basis for his conviction encompassed all the of the actions in Officer Brice's police report." Maj. Op. at 4. Again, however, I note that we need not resolve that issue because *King* bars consideration of Cardenas's no contest plea in the first instance.